**FILED**
**Sep 18, 2023**
**11:02 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **David Russell,** | ) | **Docket No. 2023-06-2190** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Hertz Corp.,** | ) | **State File No. 15193-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **AIU Insurance Corp.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER
### (Decision on the Record)

---

David Russell requested an expedited hearing on his entitlement to benefits regarding an alleged mental injury suffered while working for Hertz Corporation. Hertz denied the claim, arguing "no acute, physical trauma or injury resulting from a specific accident." Because Mr. Russell has not shown an identifiable work-related event resulting in a sudden or unusual stimulus, the Court denies the requested benefits at this time.

### Claim History

Mr. Russell alleged "workplace retaliation/harassment" from discrimination complaints he made during his employment at Hertz.

On February 16, 2023, Mr. Russell had "a complete physical/mental breakdown due to a continual hostile work environment that [he was] subjected to over the course of an entire year." He testified about his breakdown:

> [It] was triggered by a week of management doing the same thing that I had claimed discrimination / retaliation over a year ago. The single event at that moment that I experienced had cumulated to all the physical / mental issues I had been dealing with an entire year. My heart beating out of control,

1

throbbing throughout my entire body. The thought of feeling as if I were about to vomit, difficulty breathing, focusing, and concentrating.

Mr. Russell later testified that the injury "was caused by a series of events, during my employment with the Hertz corporation, that led to one final event, my physical /mental breakdown on the night of February 16. 2023."

Mr. Russell left work and saw his primary care physician that same day, who took him off work until March 31. The complete notes from that visit were not filed.

On March 3, 2023, the carrier denied the claim, asserting, "no acute, physical trauma or injury resulting from a specific accident." He later received a panel, but Hertz never authorized treatment.

Afterward, Mr. Russell filed his petition for benefit determination. The petition describes in detail a number of verbal altercations and unpleasant email exchanges between Mr. Russell and various Hertz employees, which took place before February 16.

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Russell must offer sufficient evidence to show he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Specifically, Mr. Russell alleged a work-related mental injury. To be compensable, a mental injury must arise "primarily out of a compensable physical injury or an identifiable work-related event resulting in a sudden or unusual stimulus." Tenn. Code Ann. § 50-6-102(15).

Mr. Russell did not offer proof of any physical injury at work. He alleged suffering physical symptoms but offered no medical proof of a physical injury. Thus, the Court must determine whether he is likely to prove he meets the second criterion above.

Case law focusing on this second category makes clear that (1) the injury must stem from an identifiable, stressful, work-related event producing a sudden mental stimulus, and (2) the event must be unusual compared to the ordinary stress of the worker's job. *Edwards v. Fred's Pharmacy*, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *7 (Feb. 14, 2018).

Further, the Tennessee Supreme Court has held, "[W]orry, anxiety or emotional stress of a general nature are not in and of themselves sufficient to establish an accident," reasoning that "[e]motional stress, to some degree, accompanies the performance of any contract of employment." *Henley v. Roadway Express,* 699 S.W.2d 150, 154 (Tenn. 1985).

2

More recently, a Supreme Court Panel explained, "In order for an injury that is alleged to have been caused by a purely mental or emotional stimulus to be compensable, not only must it have resulted from an *identifiable stressful work-related event that produced a sudden mental stimulus* such as fright, shock, or excessive unexpected anxiety, but also *the stress produced may not be usual stress in comparison to the stress ordinarily experienced by an employee in the same type duty.*" *Ireton v. Horizon Mental Health Mgmt., LLC,* No. E2015-00296-SC-R3-WC, 2016 Tenn. LEXIS 3, at *27 (Tenn. Workers' Comp. Panel Jan. 19, 2016) (Emphasis added) (Citations omitted).

Here, Mr. Russell wrote in his pleadings that he is the victim of employment discrimination. This Court has no jurisdiction over that type of complaint; rather, a workers' compensation judge must "hear and determine claims for compensation." Tenn. Code Ann. § 50-6-238(3).

Mr. Russell testified to a rocky relationship with Hertz's management that lasted approximately one year. However, he did not point to an "identifiable stressful work-related event that produce[d] a sudden mental stimulus." Rather Mr. Russell stated that his breakdown "was triggered *by a week of management doing the same thing that I had claimed discrimination/retaliation* over a year ago." This description is vague and lacks an identifiable work event resulting in a sudden mental stimulus. Moreover, "a 'gradual' or cumulative mental injury claim has not been recognized as viable under Tennessee's Workers' Compensation Law." *Nickerson v. Knox Cty.,* No. E2020-01286-SC-R3-WC, 2021 Tenn. LEXIS 124, at *20-21 (Tenn. Workers' Comp Panel June 8, 2021).

As for Mr. Russell's concerns regarding Hertz's failure to honor his panel selection, the Appeals Board has held that mere notice of an alleged workplace accident, in and of itself, is not sufficient to trigger an employer's duty to provide medical benefits under section 50-6-204(a)(3). Rather, "on its face, the statute limits an employer's duty to provide medical benefits to cases where the employee has sustained an injury by accident *as defined in the statute." McCord,* at *10-11 (Emphasis added).

On this record, Mr. Russell has not proven a mental injury as that term is defined in the Workers' Compensation Law. Therefore, the Court holds that he is not likely to succeed at a hearing on the merits.

IT IS ORDERED AS FOLLOWS:

1. Mr. Russell's requested relief is denied at this time.

2. This case is set for a scheduling hearing on **November 13, 2023,** at **10:00 a.m. Central Time.** You must call 615-532-9552 or 866-943-0025 to participate.

**ENTERED September 18, 2023.**


_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

The Court considered these documents:
1. Petition for Benefit Determination and all attachments
   a. Dr. Kosinski work excuse
   b. Email from Donald Clark, March 10, 2022
   c. Letter from David Jacobs, September 20, 2022
   d. Email to Johanna Turner, September 21, 2022
   e. Witness/Employee Statement form
2. Dispute Certification Notice
3. Hearing Request and attachments
   a. Affidavit/written testimony
   b. Denial notice cover letter
   c. Dr. Kosinski letter, June 30, 2023
   d. Resignation
   e. Wage statement
4. Objection to Employee's Request for Expedited Hearing on the Record
5. Motion to Compel Discovery
6. Status Hearing Order
7. Employee's July 27, 2023 filing
   a. July 24 letter to the Court
   b. Excerpts from Hertz employee handbook
   c. Emails to Mr. Callison, Johanna Turner, Tracy Morales, other Hertz employees
   d. Form C-42
8. Employer/Carrier Brief in Support of Denial of Benefits
9. Mr. Russell's Declaration

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on September 18, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| David Russell, employee | | X | X | dlruss1954@gmail.com<br>3692 Hengestone Ct.<br>Clarksville, TN 37040 |
| Allen Callison, employer's attorney | | | X | allen.callison@mgclaw.com<br>cynthia.yeager@mgclaw.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*